United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MANTISSA CORPORATION,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1133 |
| | § | |
| **ONDOT SYSTEMS, INC.,** *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court are Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim (Doc. No. 45), and Defendants' Motion to Take Judicial Notice of the American Bar Association Guide to Wills & Estates (Doc. No. 46).

In April 2016, the Court held a hearing on Defendants' Motion to Dismiss for Failure to State a Claim. The Court granted the motion to dismiss on the grounds that the patents are invalid because they are drawn to an abstract idea. However, the Court gave Plaintiff fifteen days to re-plead or file additional briefing. Plaintiff filed a supplemental brief on April 29 and an amended complaint on May 3. Defendants filed their motion to dismiss the amended complaint, along with their motion to take judicial notice, on May 20. Plaintiff's responses were filed on June 10, and Defendants' replies were filed on June 20. In addition, Plaintiff filed two notices of relevant precedential decisions of the Federal Circuit.

The Court is persuaded by the additional briefing that it should not make a final decision about patent eligibility until after claim construction has occurred. Defendants contend that "it is the claims—not the specification or figures—that matter." (Doc. No. 45 at 10). However, the Federal Circuit recently clarified the two-step process of determining whether a patent's subject matter is eligible for patent protection. It described "a stage-one filter to *claims, considered in*

1

*light of the specification*, based on whether 'their character as a whole is directed to excluded subject matter.'" *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016) (quoting *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015) (emphasis added)). More specifically, the Federal Circuit found that its conclusion that "the claims are directed to an improvement of an existing technology *is bolstered by the specification's teachings* that the claimed invention achieves other benefits over conventional databases, such as increased flexibility, faster search times, and smaller memory requirements." *Id.* at 1337 (emphasis added).

In its decision, the Federal Circuit reversed the district court. This reversal was largely based on the Federal Circuit's finding that "the district court oversimplified . . . the claims and downplayed the invention's benefits." *Id.* at 1338. By first allowing claim construction, the Court hopes to avoid that situation in this case.

Regarding the second step in deciding the validity of a patent, Plaintiff argues that "[a] person of ordinary skill in the art would recognize that claims of the Patents describe inventive concepts that improve the conventional technology for consummating transactions over computer networks." (Doc. No. 49 at 24.) Claim construction is necessary for this contention to be tested. In addition, the Federal Circuit recently emphasized the importance of analyzing the "ordered combination of limitations" of the claims. *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, No. 2015-1763, 2016 WL 3514158, at *6 (Fed. Cir. June 27, 2016). Although the district court had properly found that "the limitations of the claims, taken individually, recite generic computer, network and Internet components," the court held that the district court erred in its analysis of the ordered combination. Even though each claim element alone was known in the prior art, "an inventive concept can be found in the non-conventional and non-generic

arrangement of known, conventional pieces," such as when a "'software-based invention . . . improves the performance of the computer system itself.'" *Id.* (quoting Brief for United States as *Amicus Curiae* in Support of Respondents at 30–31, *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) (No. 13-298), 2014 WL 828034.

Accordingly, the motion to dismiss is **DENIED**. Because Defendants' motion to take judicial notice requests that the Court consider the American Bar Association Guide "strictly for purposes . . . of resolving the pending Motion to Dismiss," (Doc. No. 52 at 2), that motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, this the 11th day of August, 2016.

_____
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE