United States District Court
Southern District of Texas
**ENTERED**
July 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MANTISSA CORPORATION, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CASE NO. 4:15-CV-1133 |
| ONDOT SYSTEMS, INC.; LONE STAR § | |
| NATIONAL BANK; and LONE STAR § | |
| NATIONAL BANCSHARES-TEXAS, INC., § | |
| § | |
| *Defendants*. § | |
| § | |

## MEMORANDUM AND ORDER

Pending before the Court in this patent infringement suit is Defendant Ondot Systems, Inc.'s "Rule 12(c) Motion for Judgment on the Pleadings for Improper Venue, and, in the alternative, Motion for Severance and Transfer of Venue." ECF No. 101. As explained below, the Court **DENIES** that motion.[1]

### BACKGROUND

Plaintiff Mantissa Corporation ("Mantissa") is the exclusive licensee of, and holds all substantial rights and interests in, U.S. Patent No. 7,779,456 (the '456 Patent) and U.S. Patent No. 8,353,027 (the '027 Patent) (collectively, the "patents-in-suit"). Mantissa brings this suit under 35 U.S.C. § 271, alleging that Defendants Ondot Systems, Inc. ("Ondot"), Lone Star National Bank, and Lone Star National Bancshares-Texas, Inc. (collectively, "Defendants") "have committed, and continue to commit, direct acts of infringement of the '456 Patent and the '027 Patent by making, using, offering to sell and selling products, systems and services embodying the patented invention." ECF No. 38 at ¶ 15.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to have this Court conduct all further proceedings in this case. ECF No. 99.

1

## DISCUSSION

Citing Rule 12(c) of the Federal Rules of Civil Procedure, Ondot moves to be dismissed from this suit on grounds that the Southern District of Texas is an improper venue as to it. ECF No. 101 at 1. In the alternative, Ondot requests, pursuant to 28 U.S.C. § 1406(a),[2] that the case as to it be severed from the case against the other Defendants and transferred to the Northern District of California. ECF No. 101 at 1, 4.

### A. Applicable Law

The patent venue statute, codified at 28 U.S.C. § 1400(b), provides that an action for patent infringement may be brought in a judicial district where either: (1) "the defendant resides" or (2) "the defendant has committed acts of infringement and has a regular and established place of business."

In *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957), the Supreme Court held that, for purposes of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *Id.* at 226. In so holding, the Supreme Court rejected the argument that a provision of the general venue statute, 28 U.S.C. § 1391(c), modified the patent venue statute. *Fourco*, 353 U.S. at 228. On the contrary, § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and . . . it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." *Fourco*, 353 U.S. at 229.

In the sixty years since *Fourco* was decided, the text of § 1400(b) has remained the same. In 1988, however, Congress amended § 1391(c) to state:

---

[2] 28 U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

2

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . .

Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1013(a), 102 Stat. 4642 (1988). Soon after the 1988 amendment took effect, the Federal Circuit, in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), interpreted the phrase "[f]or purposes of venue under this chapter" to mean that, "[o]n its face, § 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section." *VE Holding* at 1578. Concluding that "[§] 1391(c) as it was in *Fourco* is no longer," *id.* at 1579, the Federal Circuit held that, under § 1400(b), "venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced." *Id.* at 1583.

The Supreme Court did not grant review of the Federal Circuit's decision in *VE Holding*. *See* 499 U.S. 922 (1991) (denying petition for writ of certiorari). But neither did it affirm *VE Holding*'s conclusion that Congress, in enacting the 1988 amendment to the general venue statute, effectively overruled *Fourco*'s interpretation of § 1400(b). *See Missouri v. Jenkins*, 515 U.S. 70, 85 (1995) ("[T]he denial of a writ of certiorari imports no expression of opinion upon the merits of the case . . . ." (quoting *United States v. Carver*, 260 U.S. 482, 490 (1923))); *Maryland v. Baltimore Radio Show*, 338 U.S. 912, 919 (1950) ("[A]ll that a denial of a petition for a writ of certiorari means is that fewer than four members of the Court thought it should be granted, . . . such a denial carries with it no implication whatever regarding the Court's views on the merits of a case which it has declined to review.").

On May 22, 2017, the Supreme Court issued a decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514. In *TC Heartland,* the Supreme Court abrogated *VE*

3

*Holding* and reaffirmed *Fourco*'s holding that "the word 'residence' in § 1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation." *TC Heartland*, 137 S. Ct. at 1520 (brackets and footnote omitted). In its decision, the Supreme Court rejected the argument that "Congress changed the meaning of § 1400(b) when it amended § 1391," explaining that "[t]he current version of § 1391 does not contain any indication that Congress intended to alter the meaning of § 1400(b) as interpreted in *Fourco*." *Id.*

### B. Ondot Waived Its Challenge to Venue

For the Southern District of Texas to be a proper venue as to Ondot, Ondot must either (1) "reside" in this district or (2) "ha[ve] committed acts of infringement and ha[ve] a regular and established place of business" in this district. *See* 28 U.S.C. § 1400(b). In determining whether venue is proper under the facts of this case, the Court may look to the allegations in Mantissa's first amended complaint and other appropriate evidence in the record. *See Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009); *Uviado, LLC ex rel. Khan v. United States*, 755 F. Supp. 2d 767, 780 (S.D. Tex. 2010) (Rosenthal, J.).

It is undisputed that Ondot is a Delaware corporation. ECF No. 38 at ¶ 2; ECF No. 59 at ¶ 2. Thus, it would appear that, under *Fourco* and *TC Heartland*, Ondot does not "reside" in this district within the meaning of § 1400(b). The Court concludes, however, that Ondot waived any objection to venue in this case.[3]

A party waives a challenge based on a defect in venue if it fails to raise the issue in a timely fashion in accordance with the Federal Rules of Civil Procedure. Specifically, Rule 12(b)(3) of the Federal Rules of Civil Procedure requires a party to assert a defense of improper venue "before pleading if a responsive pleading is allowed." In addition, Rules 12(h)(1)(A) and

---

[3] In light of this conclusion, the Court does not consider whether Ondot "committed acts of infringement" and has a "regular and established place of business" in this district.

4

12(g)(2) prohibit a party who makes one Rule 12 motion from later making another Rule 12 motion "raising a defense or objection" based on improper venue, provided that such defense or objection "was available to the party but omitted from its earlier motion." A motion under "Rule 12(c) cannot be used to assert Rule 12(b) defenses that have not been raised previously in the pleadings or by preliminary motion or are not expressly preserved by Rule 12(h)." 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1367 (3d ed. 2017).

Mantissa filed its first amended complaint on May 3, 2016. ECF No. 38. On May 20, 2016, before filing an answer to Mantissa's first amended complaint, Ondot filed a Rule 12(b)(6) motion to dismiss. ECF No. 45. Ondot did not raise the issue of improper venue in that motion. On August 26, 2016, Ondot filed an answer to the first amended complaint. ECF No. 59. Nearly nine months after that, on May 24, 2017, Ondot raised the issue of improper venue for the first time during a telephone status conference with the Court. As this timeline shows, Ondot failed to comply with the requirements of Rule 12 and therefore has waived its objection to venue.

Ondot argues that it did not waive the issue of improper venue because that defense was not "available" to it until the Supreme Court issued its decision in *TC Heartland* on May 22, 2017. Prior to that date, Ondot maintains, the Federal Circuit's decision in *VE Holding* was controlling authority. And since Ondot was indisputably "subject to personal jurisdiction" in this district when this suit was commenced, venue in this district was proper as to Ondot under *VE Holding*'s interpretation of § 1400(b)'s "residence" provision.

A defense or objection is not "available" to a party under Rule 12, and thus not subject to waiver, "if its legal basis did not exist at the time of the answer or pre-answer motion." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 n.9 (D.C. Cir. 1988). In recent weeks, several federal district courts have examined the issue of waiver in connection with *TC Heartland*. With

5

near unanimity, those courts have held that *TC Heartland* does not constitute an "intervening change in controlling law" and thus does not excuse a party's failure to object to venue in a timely manner. *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) (collecting cases); *Amax, Inc. v. ACCO Brands Corp.*, No. 16-CV-10695-NMG, 2017 WL 2818986, at *3 (D. Mass. June 29, 2017); *iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3:13-CV-04987, 2017 WL 2778006, at *5–7 (N.D. Tex. June 27, 2017); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 215-CV-00037-RWS-RSP, 2017 WL 2651618, at *19–21 (E.D. Tex. June 20, 2017); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017).[4] As a district court in the Northern District of Texas has explained:

> [E]xcept where congressional abrogation of a Supreme Court decision is express, "only [the Supreme] Court may overrule one of its precedents"—whether through its own opinion or recognition of congressional override—and until that occurs, *Fourco* is and still was the law. In *VE Holding*, the Federal Circuit clearly thought that Congress had implicitly overridden *Fourco* by statutory amendment. However, until the Supreme Court considered the question, *Fourco* remained the law. The intervening twenty-seven years may have created reliance on *VE Holding* by litigants, . . . but that "does not change the harsh reality" that a party could have "ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petitioner in *TC Heartland* did."

*iLife Techs.*, 2017 WL 2778006, at *7 (internal citations omitted).

The Court agrees with this reasoning. In *TC Heartland*, the Supreme Court clearly held that the definition of where a domestic corporation "resides" for purposes of § 1400(b) has remained the same since *Fourco* was decided in 1957. Because *TC Heartland* did not change the law in this regard, the improper venue defense was available to Ondot at all relevant times. Ondot was therefore required to assert its improper venue defense in accordance with Rule 12;

---

[4] One district court has reached a different conclusion. *See Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017). The Court is not bound by *Westech* and finds it unpersuasive. *See Reebok Int'l Ltd. v. TRB Acquisitions LLC*, No. 3:16-CV-1618-SI, 2017 WL 3016034, at *3–4 (D. Or. July 14, 2017) (declining to follow *Westech*).

by failing to do so, it waived any objection to venue in this district. *Cf. Engel v. CBS, Inc.*, 886 F. Supp. 728 (C.D. Cal. 1995) (holding that defendants did not waive venue challenge where Congress amended the venue statute while the case was pending).

Ondot contends that "waiver typically requires a showing of prejudice to the other party" and that "Mantissa will not be prejudiced by a change in venue given the substantial amount of work that remains" to be done in this case. ECF No. 101 at 4. A party may waive an improper venue defense by failing to comply with Rule 12's express limitations; that is what happened in this case. Alternatively, a party may waive such an objection by implication if it takes actions that are "inconsistent" with an improper venue defense. *See Ferraro Foods, Inc. v. M/V Izzet Incerkara*, No. 01-CV-2682 (RWS), 2001 WL 940562, at *3 (S.D.N.Y. Aug. 20, 2001); *Sherman v. Moore*, 86 F.R.D. 471, 473–74 (S.D.N.Y. 1980). Courts have found prejudice to be a relevant consideration in determining whether waiver by implication has occurred, *see Ferraro Foods*, 2001 WL 940562, at *4; *Sherman*, 86 F.R.D. at 474, but Ondot cites no apposite caselaw holding that prejudice is relevant to waiver under the express terms of Rule 12. The Court therefore declines to consider whether Mantissa would suffer prejudice from a transfer of venue in this case.

## CONCLUSION

The Court finds that Ondot has waived its objection to venue in this district. Accordingly, Ondot's "Rule 12(c) Motion for Judgment on the Pleadings for Improper Venue, and, in the alternative, Motion for Severance and Transfer of Venue" is **DENIED**.

Signed on July 26, 2017, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**