UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANTISSA CORPORATION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 4:15-CV-1133 |
| ONDOT SYSTEMS, INC.; LONE STAR NATIONAL BANK; and LONE STAR NATIONAL BANCSHARES-TEXAS, INC., | § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

For the reasons given below, the parties' "Joint Motion for Indicative Ruling Regarding Rule 60(b) Motion to Vacate," ECF No. 129, is DENIED.

Plaintiff filed this patent infringement suit in April of 2015. On August 10, 2017, this Court issued a memorandum opinion granting summary judgment in Defendants' favor on grounds of patent-ineligibility, ECF No. 119, and entered a final judgment, ECF No. 120. Plaintiff appealed to the United States Court of Appeals for the Federal Circuit, ECF No. 122, where the matter remains pending.

On May 8, 2019, Plaintiff and Defendants filed a joint motion asking this Court to issue an indicative ruling stating that if the Federal Circuit were to remand the case to this Court, this Court would grant the parties' joint motion to vacate the August 10, 2017 order and opinion. In support of their motion, the parties aver that

1

they have entered into an settlement agreement, that "[a] condition of the agreement is vacatur of this Court's August 10, 2017 order and opinion (either by this Court or the Federal Circuit)," and that, "[a]bsent vacatur, the settlement cannot be implemented, and litigation between the parties in this case (including the Federal Circuit appeal and any proceedings on remand) will continue." ECF No. 129 at 2.

After reviewing the joint motion, this Court ordered the parties to file a joint statement "explaining why they have conditioned settlement on vacatur of the August 10, 2017 order and opinion." ECF No. 130 at 2 (citing *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1004 (7th Cir. 2007)). The parties responded with the following statement:

> If the ruling was affirmed by the CAFC, collateral estoppel would preclude any future assertions. Consequently, the parties cannot merely dismiss the case and return to the status quo. The *Marseilles Hydro Power v. Marseilles Land & Water Co.* case is, therefore, distinguishable because the court in that case concluded that the plaintiff would not be prejudiced by lack of vacatur.

ECF No. 131.

Federal Rule of Civil Procedure 60(b) grants district courts the authority to "relieve a party . . . from a final judgment" if "applying [the judgment] prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). Federal Rule of Civil Procedure 62.1 provides that, when a motion is made for relief that the district court lacks authority to grant due to a pending appeal, the court may "(1) defer considering the motion; (2) deny the motion; or (3) state

either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The value of judicial decisions to the public and the interest in maintaining judicial economy by avoiding routine vacatur of judicial decisions both weigh against granting the parties' requested relief. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994).

> Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.
>
> \*\*\*
>
> [W]hile the availability of vacatur may facilitate settlement after the judgment under review has been rendered and certiorari granted (or appeal filed), it may *deter* settlement at an earlier stage. *Some* litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur. And the judicial economies achieved by settlement at the district-court level are ordinarily much more extensive than those achieved by settlement on appeal.

*Id.* at 26-28 (citations omitted). Caselaw indicates that the mere fact that a settlement has occurred is not sufficient to justify vacatur of a final judgment. *See id.* at 29. Considerations may be somewhat different when a settlement is conditioned on vacatur, but even then, the parties must be able to articulate a legitimate reason for conditioning the settlement on vacatur: at a minimum, the reason cannot be based on a mistaken understanding of law or fact. *See Marseilles Hydro Power*, 481 F.3d

3

at 1004 (explaining that "it has become apparent, from the parties' response to our request for a fuller statement of why they have conditioned settlement on the vacating of the district court's decision . . . , that their reason for seeking this relief rests on a misunderstanding," and denying relief).

Here, the parties' explanation of why they have chosen to condition settlement on vacatur—i.e., because "[i]f the ruling was affirmed by the [Federal Circuit], collateral estoppel would preclude any future assertions"—demonstrates a fundamental misunderstanding. If the parties settled the matter without conditioning their settlement on vacatur of this Court's judgment, the Federal Circuit would not need to affirm this Court's ruling but would presumably dismiss the appeal in light of the settlement.[1] Thus, as in *Marseilles Hydro Power*, the parties' own explanation reveals that they are harboring under a misapprehension. With that misapprehension removed, the parties have failed to justify the relief they request.

Accordingly, the joint motion is DENIED.

Signed on September 26, 2019, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[1] Furthermore, the August 10, 2017 order and opinion ruling would likely retain its collateral estoppel effect even if this Court were to vacate it based on the parties' settlement. *See Watermark Senior Living Ret. Communities, Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 427 (6th Cir. 2018) ("[J]udgments may retain their finality and preclusive effect when they are set aside or vacated upon settlement.").